```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

LISA A. CLARK,                  )
                                )
          Plaintiff,            )
                                )
v.                              )     Case No. CIV-14-298-RAW-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
          Defendant.            )
```

## REPORT AND RECOMMENDATION

Plaintiff Lisa A. Clark (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on August 13, 1962 and was 51 years old at the time of the ALJ's latest decision. Claimant obtained her GED and obtained vocational training in radiology and cornial polishing. Claimant has worked in the past as a dental assistant. Claimant alleges an inability to work beginning October 20, 2006 due to limitations resulting from fibromyalgia, neuropathy, and

cervical degenerative disc disease.

**Procedural History**

On April 17, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On January 11, 2010, an administrative hearing was held before Administrative Law Judge ("ALJ") Lantz McClain. On February 26, 2010, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council issued its own unfavorable decision on March 5, 2012. Claimant appealed the decisions. On September 20, 2013, this Court reversed the decisions and remanded the case for further proceedings.

On May 2, 2014, the ALJ conducted a supplemental administrative hearing. On May 21, 2014, he issued a partially favorable decision. Plaintiff did not file exceptions with the Appeals Council but appealed to this Court. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential

evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform sedentary work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in failing to properly evaluate the medical opinion of Claimant's treating physician.

**Discussion of the Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of status post cervical surgery, fibromyalgia, and side effects arising from medications. (Tr. 393). The ALJ also found Claimant retained the RFC to perform sedentary work in that she could occasionally lift/carry 10 pounds and frequently lift/carry up to 10 pounds, stand/walk at least two hours in an eight hour workday, and sit for at least six hours in an eight hour workday. The ALJ also found Claimant should avoid work above shoulder level. The ALJ determined Claimant was able to perform simple, repetitive tasks. (Tr. 395). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of touchup screener, document preparer, and electronic assembly worker which he testified existed in sufficient numbers in the regional and national economies. (Tr. 401).

5

However, the ALJ provided a partially favorable decision in finding that no jobs existed that Claimant could perform beginning August 13, 2012. On that date, Claimant moved into the individual closely approaching advanced age category and, considering her age, education, work experience and RFC, she was considered disabled. (Tr. 400-02).

Claimant contends the ALJ failed to properly consider the opinions of her treating physician, Dr. John Rice. Dr. Rice completed a medical source statement on Claimant on September 21, 2009. He diagnosed Claimant with fibromyalgia, neuropathy, cervical disc disease, insomnia, depression, and anxiety. He determined Claimant stand/walk 10-30 minutes at one time and sit 10-30 minutes at one time. He found Claimant would need to alternate sit/stand/walk every 10-30 minutes and would need to elevate her legs while sitting to at least waist level. (Tr. 355). Dr. Rice estimated Claimant could occasionally lift/carry up to five pounds and infrequently bend, squat, and crawl. He stated Claimant is "on lots of medications that would impair her ability to be a gainful employee." He found Claimant would be required to take unscheduled breaks every one to two hours. Factors limiting Claimant's ability to work included pain, medications, fatigue, and weakness. (Tr. 356).

6

Dr. Rice found Claimant was markedly limited in the areas of the ability to understand, remember and carry out very short and simple instructions; ability to understand, remember, and carry out detailed instructions; ability to maintain attention and concentration for extended periods; ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and ability to complete a normal work day and work week without interruption from pain or medication based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 356-57).

Claimant's condition was likely to produce good days and bad days and she would be required to be absent from work more than three times a month. Dr. Rice stated he based his findings upon the MRI brain, MRI cervical spine, orthopedic specialist, and rheumatologist reports. He noted Claimant had limited and very decreased range of motion. Dr. Rice found support for Claimant's allegations of pain, numbness, and dizziness in the testing. She suffered from decreased reflexes and pain when manipulated and an unsteady gait due to dizziness and potential side effects from the many different medications she took daily such as pain medication, muscle relaxers, sleeping pills, neuropathy pain medication, anti-depressants and panic disorder medication. (Tr. 357).

7

Dr. Rice concluded that he did not feel Claimant could be gainfully employed in any occupation due to her numerous health problems and the strong medications she has to take daily to function what little she can. He stated that he felt she would be more of a liability to any company that may hire her. Her medication would impair her cognitive ability but they were considered necessary by Dr. Rice to enable Claimant to function. Id.

The ALJ found Dr. Rice's opinion, referred to as simply Exhibit 10F in the decision, is not entitled to controlling weight. He stated the opinion is not consistent with the rheumatology report and consultative examination which he characterized as showing "largely normal examinations." He stated Dr. Rice's opinion that Claimant cannot work is a matter reserved to Defendant. The "largely normal examinations" would indicate to the ALJ that "claimant would still be able to work with the residual functional capacity given." (Tr. 400).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both:

(1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th

Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

Although the ALJ concluded Dr. Rice's opinion conflicted with two other reports or opinions, he did not state with any specificity how the reports conflicted. The Court is left with no indication whether the conflicts perceived by the ALJ pertained to matters relevant to the disability determination. Moreover, the ALJ was required to state what weight Dr. Rice's opinion was afforded. He did not engage in the required analysis on weighing the opinion other than to state he did not give it controlling weight. On remand, the ALJ shall re-evaluate Dr. Rice's opinion, set forth any specific conflicts he finds in the opinion with the remainder of the medical record, and state the precise weight he gave the opinion in his consideration.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not

applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 20th day of July, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE